The Court.
The release rendered the- maker a competent witness for his accommodation endorsers. If the defence failed, the witness would only be answerable to the endorsers for the amount of the note—not for an indemnity; and if the defence prevailed, he would still be liable, as maker, to the plaintiff. His interest was balanced.
*132 Gardner said, he thought the interest was not balanced. If the endorsers are defeated and have to pay the note, the witness will be absolutely liable to them; whereas in an action against him by the plaintiff, he can set up the defence of usury; and so he is in a better condition by defeating a recovery against the endorsers.
The Court.
When the witness was called, he was under an apparent legal liability both ways—he was answerable both to the holder and endorsers of the note; and .the possibility .that he might have a better defence against the one than against the other, if it can be regarded as an interest, is too remote and contingent to exclude a witness.
New trial denied.(a)

 See Hubbly v. Brown, (16 John. JR. 70.)